**Ana Zucel SANCHEZ–RODRIGUEZ, Petitioner,**

v.

**John D. ASHCROFT, U.S. Attorney General, Respondent.**

No. 01–71426.

INS No. A73–974–514.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 8, 2002.*

Decided Nov. 15, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Before BRIGHT,** GOODWIN, and TASHIMA, Circuit Judges.

MEMORANDUM***

Sanchez–Rodriguez petitions for review of the Board of Immigration Appeal's ("BIA") order finding her removable under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"). Petitioner asserts that application to her of rules promulgated under the IIRIRA was impermissibly retroactive, and that the statute violates equal protection. Finally, Sanchez–Rodriguez argues that the Nicaraguan Adjustment and Central American Relief Act of 1997 ("NACARA") § 203, which permits certain aliens to apply for special rule cancellation of removal in accordance with the more lenient terms of pre-IIRIRA suspension of deportation law, violates equal protection by making distinctions between nationalities.

Because *Jimenez–Angeles v. Ashcroft,* 291 F.3d 594 (9th Cir.2002), *Hernandez–Mezquita v. Ashcroft,* 293 F.3d 1161 (9th Cir.2002), and *Ram v. INS,* 243 F.3d 510 (9th Cir.2001), foreclose Sanchez–Rodriguez' claims, we deny her petition for review.

In *Jimenez–Angeles* we conducted a detailed analysis of a similar claim, measured against the Supreme Court's test under *INS v. St. Cyr,* 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001). The permanent rules under IIRIRA were not impermissibly retroactive.

The permanent rules apply to Sanchez–Rodriguez because the INS commenced removal proceedings against her after April 1, 1997. *See* IIRIRA § 309(c); *Jimenez–Angeles,* 291 F.3d at 597; *Hernandez–Mezquita,* 293 F.3d at 1162–63. Sanchez–Rodriguez gave up no valuable legal right and did not have any legally cognizable "settled expectation" in the ability to apply for the discretionary relief of suspension of deportation under pre-IIRIRA law. *Cf. St. Cyr,* 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347.

We also reject Sanchez–Rodriguez' arguments that NACARA and IIRIRA violate equal protection. " 'Line drawing decisions' made by Congress or the President in the context of immigration and naturalization must be upheld if they are rationally related to a legitimate government purpose." *Jimenez–Angeles,* 291 F.3d at 603. To prevail on her equal protection challenge, she "must show that the classification is 'wholly irrational.' " *Hernandez–Mezquita,* 293 F.3d at 1163. "Challengers have the burden to negate 'every conceivable basis which might support [a legislative classification] ... whether or not the basis has a foundation in the record.' " *Hernandez–Mezquita,* 293 F.3d at 1164 (alteration in original) (quoting *Heller v. Doe,* 509 U.S. 312, 320–21, 113 S.Ct. 2637, 125 L.Ed.2d 257 (1993)).

Sanchez–Rodriguez, a Guatemalan who did not satisfy the requirements under

** The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

NACARA to be eligible for special rule cancellation of removal, claims that NA-CARA violates equal protection because the "requirements for Salvadorans and persons from former Eastern bloc countries are markedly different than for Guatemalans." But we have held that "NA-CARA easily satisfies the rational basis test." *Jimenez–Angeles,* 291 F.3d at 602–03 (quoting *Ram,* 243 F.3d at 517); *see also Hernandez–Mezquita,* 293 F.3d at 1164–65 (holding that Congress had a rational basis for providing relief under "category II" of NACARA § 203 only to those Salvadorans who have applied for asylum, as well as with respect to the April 1, 1990 cutoff date for filing asylum).

Sanchez–Rodriguez also argues that IIRIRA violates equal protection because it makes "an irrational distinction between similarly situated persons based solely when their Immigration Court case commenced." But she fails to "negate every conceivable basis" which might support this line-drawing. Furthermore, even if the INS had commenced deportation against Sanchez–Rodriguez on or before April 1, 1997, she would still be ineligible for suspension of deportation under the transitional rules because the stop-time rule would prevent her from attaining seven years of continuous physical presence as required to be entitled to that relief under pre-IIRIRA law. *See Ram,* 243 F.3d at 518 (holding that application of the stop-time rule to transitional rule cases generally does not violate equal protection).

**DENIED.**